FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 APR 24  PM 3:52

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ROBERT K. GULLO and
LAURIE A. GULLO,

    Plaintiffs,

v.                                       CASE NO.: 6:15-cv-669-ORL-40KRS

POLLACK & ROSEN, P.A. and
REGIONS BANK,

    Defendants.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like POLLACK & ROSEN, P.A. and REGIONS BANK from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

1

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. It is the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and, to promote consistent State action to protect consumers against debt collection abuses. 15 USC 1692.

6. "'The FCCPA is a laudable legislative attempt to curb what the legislature evidently found to be a series of abuses in the area of debtor-creditor relations.' The FCCPA also defines and protects an individual's right to privacy with regards to consumer collections practices in the state." (Fla. Dist.Ct. App. 1st Dist. 2007)." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) (citing *Laughlin v. Household Bank, Ltd.*, 969 So.2d 509 and 10A Fla. Jur. 2D Consumer § 138 (2010)).

## JURISDICTION AND VENUE

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

8. The alleged violations described in the Complaint occurred in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Pinellas County, Florida

10. Plaintiffs are each a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiffs are each an "alleged debtor" under the FCCPA because they are each natural persons who are the subject of collection efforts to collect an alleged obligation that arose from a transaction for personal, family or household purposes.

12. Plaintiffs are each the "called party" as the subscriber and regular users of their phones. See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, POLLACK & ROSEN, P.A., is a corporation formed in Florida which conducts business within the State of Florida.

14. Defendant POLLACK & ROSEN, P.A. is a "debt collector" as defined by Fla. Stat. § 559.55(7) and 15 U.S.C. § 1692(a)(6) as its principle business is the collection of consumer debts and was doing such in relation to Plaintiffs.

15. Defendants, POLLACK & ROSEN and REGIONS BANK have a principle/agent relationship.

16. Defendant, REGIONS BANK, as the principle, consented to and has knowledge and control of the activities of Defendant, POLLACK & ROSEN, as its agent.

17. At all times material hereto, Defendants, POLLACK & ROSEN and REGIONS BANK maintained a principle/agent relationship.

18. The debt that is the subject matter of this complaint is a "consumer debt" as is defined by Fla. Stat. §559.55(6) and U.S.C. § 1692(a)(5).

19. POLLACK & ROSEN, P.A. called Plaintiffs on Plaintiff's cellular phones ending in 2743 and 0497, respectively, no less than fourteen (14) times, on behalf of Regions Bank, and, in an attempt to collect an alleged debt in the amount of $41,722.13.

20. These calls include, but are not limited:

   a. A call from 305-448-0006 on June 10, 2014 at 11:46 a.m. to cell phone number ***-***-2743.

   b. A call from 305-448-0006 on June 10, 2014 at 11:49 a.m. to cell phone number ***-***-0497.

3

 c. A call from 305-448-0006 on July 9, 2014 at 12:58 p.m. to cell phone number \*\*\*-\*\*\*-2743.

 d. A call from 305-448-0006 on July 9, 2014 at 1:03 p.m. to cell phone number \*\*\*-\*\*\*-0497.

 e. A call from 305-448-0006 on July 24, 2014 at 10:01 a.m. to cell phone number \*\*\*-\*\*\*-2743.

 f. A call from 305-448-0006 on July 31, 2014 at 3:36 p.m. to cell phone number \*\*\*-\*\*\*-2743.

 g. A call from 305-448-0006 on August 8, 2014 at 8:59 a.m. to cell phone number \*\*\*-\*\*\*-2743.

 h. A call from 305-448-0006 on August 14, 2014 at 7:35 p.m. to cell phone number \*\*\*-\*\*\*-2743.

 i. A call from 305-448-0006 on September 17, 2014 at 3:48 p.m. to cell phone number \*\*\*-\*\*\*-2743.

 j. A call from 305-448-0006 on September 24, 2014 at 1:24 p.m. to cell phone number \*\*\*-\*\*\*-2743.

 k. A call from 305-448-0006 on November 19, 2014 at 2:31 p.m. to cell phone number \*\*\*-\*\*\*-2743.

 l. Two calls from 305-448-0006 on March 11, 2015 at 2:43 p.m. and 2:48 p.m. to cell phone number \*\*\*-\*\*\*-2743.

21. Each call POLLACK & ROSEN, P.A. made to Plaintiffs were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

22. Each call POLLACK & ROSEN, P.A. made to Plaintiffs were made using a prerecorded voice.

23. Each call POLLACK & ROSEN, P.A. made to Plaintiffs were as an agent or employee of REGIONS BANK.

24. Each call POLLACK & ROEN, P.A. made to Plaintiffs were made on behalf of REGIONS BANK.

25. REGIONS BANK has knowledge of and control over the actions of POLLACK & ROSEN, P.A. when it collects debts for REGIONS BANK.

26. Plaintiffs did not expressly consent to POLLACK & ROSEN, P.A.'s placement of telephone calls to Plaintiffs' cellular telephone(s) by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to POLLACK & ROSEN, P.A.'s placement of the calls.

27. Plaintiffs did not expressly consent to REGIONS BANK's placement of telephone calls to Plaintiffs' cellular telephone(s) by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to POLLACK & ROSEN, P.A.'s placement of the calls.

28. POLLACK & ROSEN, P.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiffs' cellular telephone in this case.

29. POLLACK & ROSEN, P.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiffs' cellular telephone(s) in this case, with no way for the consumer, or POLLACK & ROSEN, P.A., to remove the number from the automatic telephone dialing system.

30. POLLACK & ROSEN, P.A.'s corporate policy provided no means for Plaintiffs to have their respective cellular telephone numbers removed from the call list.

5

31. Not one of POLLACK & ROSEN, P.A.'s telephone calls placed to Plaintiffs were for "emergency purposes" as is specified in 47 U.S.C. §227(b)(1)(A).

32. Both POLLACK & ROSEN, P.A. and REGIONS BANK willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

33. Both POLLACK & ROSEN, P.A. and REGIONS BANK have several cases against them alleging violations of the TCPA.

34. Both POLLACK & ROSEN, P.A. and REGIONS BANK were aware that Plaintiffs did not owe $41,722.13 due to the sale of the property that secured the alleged debt.

35. Both POLLACK & ROSEN, P.A. and REGIONS BANK attempted to collect $41,722.13 from Plaintiffs through collection calls and letters despite knowing that such amount was not owed.

36. In addition to such other collection efforts, on April 25, 2014, POLLACK & ROSEN, P.A. filed a lawsuit in Pinellas County, Florida on behalf of REGIONS BANK which it sought to collect $41,722.13 from Plaintiffs.

37. Defendant, REGIONS BANK, consented to and has knowledge and control of the activities of its agents and representatives, supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, including, but not limited to, POLLACK & ROSEN, P.A. and specifically in regards to all actions described in this complaint.

38. Under information and belief, REGIONS BANK had knowledge of all actions (further described in the complaint) taken by its agents, POLLACK & ROSEN, P.A, and specifically instructed and/ or conspired with them to take such actions in regards to Plaintiffs.

39. At all times material hereto, REGIONS BANK acknowledged POLLACK & ROSEN, P.A. would act on behalf of REGIONS BANK with respect to the conduct alleged herein.

40. At all times material hereto, POLLACK & ROSEN, P.A. accepted acting on behalf of REGIONS BANK with respect to the conduct alleged herein and and REGIONS BANK retained control over the actions of its authorized agents.

41. Upon information and belief, the aforementioned principal/agent relationship by and between REGIONS BANK, as principal, and POLLACK & ROSEN, P.A., as agent, was pursuant to an express agreement, implied agreement and/or gratuitous undertaking.

42. As a result of these collection efforts, Plaintiffs each suffered stress, sleeplessness, emotional distres and anxiety resulting from the attempted collection of amounts far in excess of any amount rightfully owed by Plaintiffs.

## COUNT I
### (Violation of the TCPA by POLLACK & ROSEN, P.A)

43. Plaintiffs fully incorporate Paragraphs 1 through 42.

44. POLLACK & ROSEN, P.A. violated the TCPA with respect to Plaintiffs, for each of the auto-dialer calls made to Plaintiffs' cellular telephone(s).

45. POLLACK & ROSEN, P.A. violated the TCPA with respect to Plaintiffs, for each of the prerecorded or artificial voice calls made to Plaintiffs' cellular telephone(s).

46. POLLACK & ROSEN, P.A. repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephone(s) using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent and in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

47. POLLACK & ROSEN, P.A. repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephone(s) using a prerecorded or artificial voice without Plaintiffs' prior express consent and in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against POLLACK & ROSEN, P.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the TCPA by REGIONS BANK)

48. Plaintiffs fully incorporate Paragraphs 1 through 42.

49. REGIONS BANK is vicariously liable under the TCPA for the calls placed on its behalf by POLLACK & ROSEN, P.A.

50. REGIONS BANK, throughits agent or employee POLLACK & ROSEN, P.A., violated the TCPA with respect to Plaintiffs, for each of the auto-dialer calls made to Plaintiffs' cellular telephone(s).

51. REGIONS BANK, throughits agent or employee POLLACK & ROSEN, P.A., violated the TCPA with respect to Plaintiffs, for each of the prerecorded or artificial voice calls made to Plaintiffs' cellular telephone(s).

52. REGIONS BANK, through its agent or employee POLLACK & ROSEN, P.A., repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephone(s) using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

53. REGIONS BANK, through its agent or employee POLLACK & ROSEN, P.A., repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephone(s) using a prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against POLLACK & ROSEN, P.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FCCPA by POLLACK)

54. Plaintiffs fully incorporate Paragraphs 1 through 42.

55. At all times relevant hereto POLLACK & ROSEN, P.A. is subject to and must abide by the law of Florida, including Fla. Stat. § 559.72.

56. POLLACK & ROSEN, P.A. has violated Fla. Stat. §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

57. POLLACK & ROSEN, P.A.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against POLLACK & ROSEN, P.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT IV
### (Violation of the FCCPA by REGIONS BANK)

58. Plaintiffs fully incorporate Paragraphs 1 through 42.

59. At all times material hereto POLLACK & ROSEN, P.A. is subject to and must abide by the law of Florida, including Fla. Stat. § 559.72.

60. REGIONS BANK has violated Fla. Stat. §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

61. REGIONS BANK actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against REGIONS BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
### (Violation of the FDCPA by POLLACK & ROSEN, P.A.)

62. Plaintiffs fully incorporates Paragraphs 1 through 42.

63. At all times relevant to this action POLLACK & ROSEN, P.A. is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

64. POLLACK & ROSEN, P.A. has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

65. POLLACK & ROSEN, P.A. has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

66. POLLACK & ROSEN, P.A. has violated 15 U.S.C. § 1692(e) by making false, deceptive, or misleading representation in the collection of a consumer debt.

67. POLLACK & ROSEN, P.A. has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against POLLACK & ROSEN, P.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared Michael Lee, Esquire
Florida Bar#: 0052284
Morgan & Morgan, Tampa, P.A.
20 N. Orange Ave.
Fourth Floor
Orlando, FL 32801
Tele: 407.420.1414
Fax: 407.245.3484
Attorney for Plaintiff
jlee@forthepeople.com
jmlpleadings@forthepeople.com